UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD TAYLOR,<br><br>                           Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                           Defendants | Case No. 2:21-cv-02011-CDS-VCF<br><br>ORDER |

On August 24, 2022, the Court issued an order screening pro se plaintiff Donald Taylor's civil-rights complaint, permitting two claims to proceed and dismissing the other claims with leave to amend one of them by September 25, 2022. (ECF No. 8 at 14–15). On September 13, 2022, Taylor filed a notice informing the Court that he will not file an amended complaint and wants this action to proceed as stated in the Court's August 24, 2022, screening order. (ECF No. 10).

**I.    ORDER**

IT IS THEREFORE ORDERED THAT, as stated in the Court's August 24, 2022, screening order (ECF No. 8), this action will proceed only on (1) the Eighth Amendment unconstitutional conditions of confinement claim for lack of hot water in the culinary hall against William Hutchings, and (2) the Eighth Amendment unconstitutional conditions of confinement claim for failing to follow or enforce COVID-19 safety protocols against Kimberly McCoy.

IT IS FURTHER ORDERED that given the nature of the claims that the Court has permitted to proceed, this action is stayed for 90 days to allow Taylor and Defendants an opportunity to settle their dispute before the $350 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer

this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Taylor's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

If the case does not settle, Taylor will be required to pay the full $350 statutory filing fee for a civil action. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Taylor's application to proceed *in forma pauperis*. If Taylor is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Taylor is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

IT IS FURTHER ORDERED that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days before the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that if Taylor needs a translator to participate in the mediation program, Taylor will file a notice identifying the translation language and the need for the translator within 30 days from the date of this order.

1    IT IS FURTHER ORDERED that the Attorney General's Office will advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the Interested Party identified below for the purpose of settlement. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

Finally, the Clerk of the Court is directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically serve a copy of this order and a copy of Taylor's Complaint (ECF No. 9) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the Interested Party on the docket. This does not indicate acceptance of service.

Dated this 22nd day of September 2022.

_____
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD TAYLOR,<br><br>           Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>           Defendants | Case No. 2:21-cv-02011-CSD-VCF<br><br>REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____, the Court issued its order that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days later to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

## REPORT FORM

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_    A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_    A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____   _____
                     Print                             Signature

Address: _____   Phone:

              _____

_____

Email: _____