1

2

3

**UNITED STATES DISTRICT COURT**

4

**DISTRICT OF NEVADA**

5

Donald Taylor,

                Plaintiff(s),

Case No. 2:21-cv-02011-RFB-VCF

6

vs.

**Order granting motion to strike plaintiff's amended complaint in part.**

7

State of Nevada, et al.,

8

                Defendant(s).

9

10
       Defendants William Hutchings and Kimberly McCoy filed a motion to strike plaintiff's amended

11
complaint. I grant the motion in part. Plaintiff Donald Taylor, who is a pro se, filed the amended

12
complaint without first seeking leave to do so, as required by Rule 15 of the Federal Rules of Civil

13
Procedure.[1] Plaintiff also did not respond to the defendants' motion to strike, which is also grounds for

14
granting the motion pursuant to Local Rule 7-2.[2] I strike the amended complaint as a fugitive document.

15
       Since the plaintiff is pro se, however, I will give him another opportunity to file a motion for

16
leave to file an amended complaint. It appears that plaintiff timely attempted to comply with the

17
amendment deadline in the discovery plan, as he filed the amended complaint a few days before the

18
amendment deadline. See ECF Nos. 21 at 1 and 24. Plaintiff must attach a copy of his proposed

19
complaint to the motion for leave to amend, as required by Local Rule 15-1(a).[3] I also warn plaintiff that

20

21

22

23

[1] According to Fed. R. Civ. P. 15(a)(1), parties are only permitted to amend their pleading without leave to do so (A) 21 days after serving the pleading, or (B) 21 days after services of the responsive pleading or 21 days after service of a dispositive motion, whichever is earlier.

24
[2] Local Rule 7-2(d) states that, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

25
[3] Local Rule 15-1Ia) states that, "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading.

his proposed amended complaint must comply with the court's earlier screening order. Although plaintiff is pro se, he is still obligated to follow the same rules as represented parties. See *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam).

I also caution defendants' counsel, however, that if plaintiff files a motion for leave to amend, they must also respond to the motion in the ordinary course. Defendants' counsel argues in its motion to strike that the court must screen amended complaints from prisoners. That is true of prisoner cases in the early stages of litigation, but the court is not obligated to screen the complaint at this late stage in the case. The Prison Litigation Reform Act, "mandates *early* judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. *Jones v. Bock*, 549 U.S. 199, 202, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007) (emphasis added), citing to 28 U.S.C. § 1915A; see also *Caballero v. Aranas*, No. 3:19-cv-00079-MMD-CLB, 2020 U.S. Dist. LEXIS 113850, at 5 (D. Nev. June 29, 2020, citing to 28 USCS § 1915A(a)("The statute could not be clearer as to the timing of the mandatory screening. A court must screen 'before docketing, if feasible or, in any event, as soon as practicable after docketing.'"); see also *Mwanza v. Foster*, No. 3:14-cv-00331-MMD-WGC, 2015 U.S. Dist. LEXIS 118523, at 25 (D. Nev. Sep. 1, 2015)(Denying a motion for screening and "noting that Congress' intent in adopting the screening provisions of the PLRA was to 'conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage.") Assuming plaintiff files a motion for leave to amend, I expect the defendants to file any opposition to the motion in the ordinary course.

ACCORDINGLY,

I ORDER that the defendants' motion to strike (ECF No. 29) is GRANTED IN PART.

2

I FURTHER ORDER the Clerk of Court to strike plaintiff's amended complaint (ECF No. 23) from the docket.

I FURTHER ORDER that the plaintiff Donald Taylor has until Monday, December 11, 2023, to file a motion for leave to amend the complaint.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 9th day of November 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3