**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DONALD TAYLOR, | Case No. 2:21-cv-02011-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the Court is a Motion for Summary Judgment by Plaintiff Donald Taylor, ECF No. 47, and a Motion for Summary Judgment by Defendants William Hutchings and Kimberly McCoy, ECF No. 53. For the following reasons, the Court grants Defendant's motion and denies Plaintiff's Motion as moot.

## I.    PROCEDURAL HISTORY

This action brought by Plaintiff Donald Taylor, *pro se*, asserts claims pursuant to 42 U.S.C. § 1983 based on alleged events which occurred while he was incarcerated at Southern Desert Correctional Center ("SDCC"). On November 8, 2021, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") and attached his Complaint. ECF No. 1. On August 24, 2022, the Court screened Plaintiff's Complaint and allowed his Eighth Amendment cruel and unusual punishment and conditions of confinement claims to proceed. ECF No. 8.       The Clerk of Court filed the Complaint. ECF No. 9.

On February 17, 2023, a mediation conference was held before Mediator Lydia Nussbaum. A settlement was not reached. ECF No. 17. On December 14, 2023, Plaintiff filed a Motion for Appointment of Counsel. ECF No. 32. On February 14, 2024, Magistrate Judge Maximiliano Couvillier, III held a Motion Hearing at which Plaintiff's Motion for Leave to File Access Pages, Motion for Appointment of Counsel, and Motion for Sanctions were denied. ECF No. 41. On October 21, 2024, Plaintiff filed a Motion for Summary Judgment. ECF No. 47. On November 27,

2024, Defendant filed a Motion for Summary Judgment. ECF No. 53. On June 16, 2025, Judge Richard Boulware, II held a Motion Hearing regarding Parties Motions to Dismiss. ECF No. 66.

The Court's Order follows.

## II. FACTUAL ALLEGATIONS / BACKGROUND

Both Parties concede that there is no genuine dispute as to any material facts. Thus, the Court makes the following findings of undisputed facts.

### A. Undisputed Facts

#### i. Nevada Department of Corrections Operating Procedures

The Nevada Department of Corrections ("NDOC") implements operating procedures ("OP") that translate administrative regulations into actionable steps and guidelines for daily operations within correctional facilities. The Warden at SDCC is responsible for overseeing the administration of OP 490 which governs housekeeping and sanitation at Southern Dessert Correctional Center ("SDCC"). Additionally, the Warden at SDCC is responsible for overseeing the administration OP 269.11 which governs health and sanitation standards for SDCC.

#### ii. Sanitation and COVID-19 at SDCC

On October 23, 2020, the Department of Health and Human Services sent a memorandum to NDOC flagging deficiencies identified in an inspection of SDCC's culinary facility. The deficiencies noted in the memorandum included broken dishwashers and a lack of hot water. On January 14, 2021, Defendant Hutchings authored an email to Deputy Director Williams stating SDCC, "has hot water in the culinary for the first time in 9 years." On July 6, 2021, the Department of Health and Human Services issued a memorandum noting that the prison conditions at SDCC were unsanitary.

In response to the global COVID-19 pandemic the governor of Nevada implemented special restrictions to be enforced within state prisons to prevent the spread of COVID-19. On November 19, 2020, Defendant Hutchings received a memorandum notifying him of the restrictions. Subsequently, Hutchings implemented new guidelines for the dormitory housing units at SDCC. On November 20, 2020, an inmate infected with COVID-19 was moved into Plaintiff's housing

1    unit. On December 15, 2020, Plaintiff tested positive for COVID-19. On March 21, 2021, Plaintiff

2    filed grievance 2006-31-16955 raising complaints about (1) social distancing practices at SDCC;

3    (2) Plaintiff's COVID-19 symptoms; (3) Plaintiff's need for cleaning supplies; (4) the lack of hot

4    water at the SDCC culinary. Grievance 2006-31-16955 was the only grievance filed by Plaintiff

5    that raised complaints regarding the lack of hot water in the culinary or SDCC's response to

6    COVID-19. Furthermore, grievance 2006-31-16955 did not allege that Defendant McCoy

7    permitted an offender that she knew had COVID-19 to move into Plaintiff's cell, or that this

8    contact was the cause of Plaintiff contracting COVID-19.

9

10    **III.    LEGAL STANDARD**

11         **A. Summary Judgement**

12         Summary judgment is appropriate when the pleadings, depositions, answers to

13    interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

14    genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

15    Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering

16    the propriety of summary judgment, the court views all facts and draws all inferences in the light

17    most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir.

18    2014). If the movant has carried its burden, the non-moving party "must do more than simply show

19    that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a

20    whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

21    issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation

22    marks omitted). "[W]here the party moving for summary judgment has had a full and fair

23    opportunity to prove its case, but has not succeeded in doing so, a court may enter summary

24    judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir.

25    2014). It is improper for the Court to resolve genuine factual disputes or make credibility

26    determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441

27    (9th Cir. 2017) (citations omitted).

28

1      **IV.    DISCUSSION**

2           **A.  Eighth Amendment Cruel and Unusual Punishment – Unsanitary Conditions**

3           Plaintiff argues Defendant Hutchings subjected him to vile and unsanitary conditions that

4   constituted cruel and unusual punishment while he was housed at SDCC. Plaintiff asserts that the

5   Department of Health and Human Services ("DHS") October 2020 memorandum identifying

6   broken dishwashers and cleaning equipment that had not been repaired in over four years is

7   evidence of the unsanitary conditions Plaintiff experienced. Plaintiff further asserts that the lack

8   of hot water in the culinary for nine years is evidence of the Eighth Amendment violations Plaintiff

9   was subjected to while in Hutchings' custody. Hutchings argues that Plaintiff's Eighth Amendment

10  Cruel and Unusual Punishment claim fails because the lack of hot water and inoperable dish

11  washers in the SDCC culinary did not create unconstitutional conditions of confinement. He

12  asserts that Plaintiff has not shown any harm to himself or his property resulting from there not

13  being hot water in the culinary. Furthermore, Hutchings argues that Plaintiff has failed to show

14  that the cause of the delay in getting the hot water restored to the culinary was the result of his

15  malicious actions. For the following reasons the Court finds that the conditions of the SDCC

16  culinary did not constitute cruel and unusual punishment.

17          The Ninth Circuit Court of appeals has held that "'An institution's obligation under the

18  eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing,

19  shelter, sanitation, medical care, and personal safety.'" <u>Wright v. Rushen</u>, 642 F.2d 1129, 1132-33

20  (9th Cir. 1981), quoting <u>Wolfish v. Levi</u>, 573 F.2d at 125. <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246.

21  To succeed in raising an Eighth Amendment conditions of confinement claim, "[T]he deprivation

22  alleged must be, objectively, sufficiently serious" and "a prison official's act or omission must

23  result in the denial of the minimal civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511

24  U.S. 825, 834 (1994). Furthermore, "[a] supervisor is only liable for constitutional violations of

25  his subordinates if the supervisor participated in or directed the violations or knew of the violations

26  and failed to act to prevent them. There is no r*espondeat superior* liability under [§]1983." <u>Taylor</u>

27  <u>v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

28          In this instance, Plaintiff does not allege that Hutchings deprived him of adequate food,

1   shelter, medical care, nor personal safety. He also does not provide any evidence that the lack of

2   hot water in the culinary caused him any harm. Additionally, although Plaintiff brings this Eighth

3   Amendment Claim against the Warden of SDCC, Defendant Hutchings, Plaintiff does not state

4   that Hutchings failed to remedy the alleged violation or directed the violation. In fact, in the email

5   Plaintiff cites in support of this claim, Hutchings states that the delayed repair was due to

6   longstanding financial concerns and discusses the actions taken that ultimately resolved the hot

7   water issue. The Court finds based upon the undisputed facts of the case that Plaintiff's Eighth

8   Amendment claim against Defendant Hutchings fails as a matter of law.

9   **B.  Eighth Amendment Cruel and Unusual Punishment – Exposure to COVID-19**

10      Plaintiff raises an Eighth Amendment Conditions of Confinement claim against Defendant

11  McCoy claim arguing Defendant McCoy knowingly transferred an inmate with COVID-19 into

12  his cell causing Plaintiff to contract COVID-19 as a result of the transfer. McCoy contends they

13  did not knowingly transfer an ill inmate into Plaintiff's cell. McCoy asserts that they are not

14  responsible for inmate bed moves and never conducted tests for COVID-19 because covid tests

15  are exclusively conducted by SDCC medical staff. Furthermore, McCoy argues Plaintiff has not

16  shown that SDCC's response to COVID-19 was unconstitutional.

17      The Supreme Court has held that to establish an Eighth Amendment conditions of

18  confinement claim, Plaintiffs must demonstrate (1) an "objectively, 'sufficiently serious'"

19  deprivation, and (2) that Defendants acted "subjectively, with 'deliberate indifference'" to this

20  deprivation. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).

21  Eighth Amendment protections extend to conditions of confinement that are sure or very likely to

22  cause serious illness and needless suffering in the future like exposure to "infectious maladies."

23  Hampton v. California, 83 F.4th 754, 765 (9th Cir. 2023). Involuntarily exposing inmates to

24  COVID-19 satisfies the Eighth Amendment's objective prong. Id.

25      Plaintiff argues that McCoy knowingly placed an inmate with COVID-19 in his cell

26  without any basis for this assertion. McCoy contends that Plaintiff's assertion is false because they

27  were not responsible for inmate bed moves nor COVID-19 testing policies at SDCC. While the

28  Ninth Circuit has held that involuntarily exposing inmates to COVID-19 satisfies the objective

1  prong of the <u>Farmer</u> two-factor test for analyzing an Eighth Amendment conditions of confinement

2  claims, the Court finds that McCoy did not voluntarily or involuntarily expose Plaintiff to COVID-

3  19 because McCoy was not responsible for inmate housing assignments. Likewise, the Court finds

4  that McCoy could not have acted with deliberate indifference regarding the placement of an inmate

5  with COVID-19 in Plaintiff's cell because McCoy was not involved with inmate housing

6  assignments.

7       Therefore, the Court finds that Plaintiff has failed to show that the McCoy's actions or

8  omissions led to Plaintiff contracting COVID-19. Thus, McCoy prevails as a matter of law on his

9  Motion for Summary Judgment as it relates to this claim.

10

11       As the Court finds that Plaintiff's claims fail as a matter of law, the Court need not reach

12  the issue of qualified immunity as to the defendants or their argument regarding a failure to exhaust

13  administrative remedies.

14

15  **V.   CONCLUSION**

16       For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for

17  Summary Judgment [53] is **GRANTED** without prejudice.

18       **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [47] is

19  **DENIED** as moot.

20       This matter is now closed. The Clerk of Court shall enter Judgment accordingly.

21  **DATED:** September 26, 2025.

22

23  _____

24      **RICHARD F. BOULWARE, II**

    **UNITED STATES DISTRICT JUDGE**

25

26

27

28